PERRY D. POPOVICH    SBN: 64938
Attorney at Law
19711 Tollhouse Road
Clovis, CA 93619
Tel: (650) 856-0672
e-mail: perrypopovich@gmail.com

Attorney for Plaintiff Jeannie Popovich

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
FRESNO DIVISION

| | |
|---|---|
| JEANNIE POPOVICH,<br><br>Plaintiff,<br><br>v.<br><br>NADIA MOHAMMAD,<br>KHOWAZA AZIZURAHMAN (individuals),<br>BE SURE AUTO SALES (a business entity, form unknown, doing business in California),<br>CONVOY AUTO SALES INC. (a business entity, form unknown, doing business in California),<br>DOES 1 – 10,<br><br>Defendants. | Case No. _____<br><br>Jury Trial: No<br><br>COMPLAINT FOR CIVIL VIOLATION OF FEDERAL ODOMETER ACT, FALSE ODOMETER STATEMENT, ODOMETER TAMPERING, UNFAIR BUSINESS PRACTICES, FRAUD<br>[49 U.S.C. SEC. 32703, SEC. 32705] |

## JURISDICTIONAL ALLEGATIONS

1. This is a complaint filed in a civil action in accordance with Federal Rules of Civil Procedure, Rule 3, et seq.

2. This court has personal jurisdiction over these parties and subject matter jurisdiction over this proceeding involving the Federal Odometer Act, 49 U.S.C. Sec. 32703, et seq.

## PARTIES

3. Plaintiff Jeannie Popovich is a competent adult residing at all relevant times in Fresno County, California.

4. Defendants Nadia Mohammad and Khowaza Azizurahman are competent adults residing in Stanislaus County, California at the time of the transaction described herein.

5. Defendant Be Sure Auto Sales is a business entity, form unknown, whose last known address is 510 Broadway, Suite 6, Chula Vista, CA 91910.

6. Convoy Auto Sales Inc., is a business entity, form unknown, whose last known address is 13516 Telegraph Avenue, Apt. E, Whittier, CA 22105., California.

7. DOES 1 through 10 are parties whose names and addresses are presently unknown.

## GENERAL ALLEGATIONS

8. On or about March 17, 2021, Plaintiff Jeannie Popovich purchased a used 2013 Toyota Prius V motor vehicle from Defendants Nadia Mohammad and Khowaza Azizurahman for the sum of $10,000.

9. At that time Defendants Mohammad and Azizurahman resided in Turlock, Stanislaus County, California, and the purchase took place in Turlock, California.

10. Plaintiff had responded to an internet advertisement posted by Defendants Mohammad and Azizurahman on Craigslist which advertised subject vehicle as having been driven a total of 102,000 miles.

11. Plaintiff relied on said advertisement and on the odometer reading in the vehicle which indicated approximately 106,000 miles as being an accurate disclosure of the true mileage of subject vehicle.

12. Plaintiff would not have purchased said vehicle had the actual mileage been significantly more than that shown on the odometer.

13. At no time in the discussions between the parties did Defendant Mohammad or Defendant Azizurahman state that the car's mileage might be other than as indicated on the odometer.

14. Defendant Mohammad signed the title document to subject vehicle certifying the mileage to be 106,035, and did not check the box next to the mileage entry which reads "WARNING: Odometer reading is not the actual mileage."

15. According to records of the California Department of Motor Vehicles, which department is charged with recording the transfers of title and other information with respect to motor vehicles owned and operated in the State of California, the true mileage for subject vehicle was 200,000 more than that shown on its odometer at all times since mid-2019.

16. At the time of subject sales transaction Defendants Mohammad and Azizurahman and each of them, knew that the odometer reading was not the actual mileage of subject vehicle.

17. Defendants Mohammad and Azizurahman knew that high mileage was a significant fact that would influence Plaintiff's decision to purchase subject vehicle but chose not to disclose said fact in order to influence her to purchase said vehicle.

18. Plaintiff first discovered that the actual mileage of subject vehicle was not as disclosed on the odometer during its service at a local repair shop in June, 2021, when the shop owner showed Plaintiff a CarFax report which indicated that a 200,000 odometer rollback had occurred in mid-2019.

19. Relevant records maintained by California Department of Motor Vehicles ("DMV") and obtained by Plaintiff's attorney in 2023 state that on May 2, 2019, subject vehicle was transferred for the sum of $3,595 with an odometer reading of 272,107 by Defendant Be Sure Auto Sales, 510 Broadway, Suite 6, Chula Vista, CA 91910, to Defendant Convoy Auto Sales Inc., 13516 Telegraph Avenue, Apt. E, Whittier, CA 22105.

20. Other relevant DMV records show that on May 2, 2019, Defendant Be Sure Auto Sales sold subject vehicle through Defendant Convoy Auto Sales auction with an odometer reading of 72,107 "actual mileage" to Jameel Shukri Sanad, 54 California Street, Valley Springs, CA 95252, who registered said vehicle with DMV as owner on June 13, 2019.

21. Other relevant DMV records show that on June 26, 2019, Jameel Sanad sold subject vehicle having "not actual mileage" of 75,373 to OneToyota of Oakland, 8181 Oakport Street, Oakland, CA 94621 for the sum of $9,500.00.

22. Other relevant DMV records show that on October 21, 2019, OneToyota of Oakland and Car Plus #46233 sold subject vehicle having "not actual mileage" of 75,460 to Defendants Mohammad and Azizurahman for the sum of $11,100.

## FIRST CAUSE OF ACTION
### (False Odometer Statement)

23. This cause of action is against Defendant Nadia Mohammad, Defendant Khoja Azizurahman and Does 1 through 3.

24. Plaintiff realleges the allegations in paragraphs 1 through 22 above.

25. Defendant Mohammad, Defendant Azizurahman and Defendants Does 1-3 violated 49 United States Code, Section 32705(a), which provides as follows:

> (a)
> (1)DISCLOSURE REQUIREMENTS.—Under regulations prescribed by the Secretary of Transportation that include the way in which information is disclosed and retained under this section, a person transferring ownership of a motor vehicle shall give the transferee the following written disclosure:
> (A)
> Disclosure of the cumulative mileage registered on the odometer.

**(B)**
Disclosure that the actual mileage is unknown, if the transferor knows that the odometer reading is different from the number of miles the vehicle has actually traveled.

26. At no time did Defendant Mohammad or Defendant Azizurahman provide a written disclosure to Plaintiff that the actual mileage of subject vehicle was different from its odometer reading.

27. According to the best of Plaintiff's information and belief, at the time of sale Defendant Mohammad knew that that the actual mileage of subject vehicle was different from its odometer reading.

28. According to the best of Plaintiff's information and belief, at the time of sale Defendant Azizurahman knew that that the actual mileage of subject vehicle was different from its odometer reading.

29. Federal statute 49 U.S.C . Sec. 32710 permits a person to bring a civil action to enforce the provisions of 49 U.S.C Sec. 32705.

30. Plaintiff has suffered monetary damages in the amount of diminution in the value of subject vehicle from the purchase price of $10,000 to a lesser amount for a vehicle having a mileage of 200,000 miles more than its odometer reading, in an amount to be proven at trial of this action.

31. Under 49 U.S.C. Sec. 32710, Plaintiff is entitled to an award of damages in the sum of 3 times actual damages or $10,000, whichever is greater, plus reimbursement for costs of suit and reasonable attorney's fees.

## SECOND CAUSE OF ACTION
### (Odometer Tampering)

32. This cause of action is against Defendant Be Sure Auto Sales, Defendant Convoy Auto Sales, Inc., and Does 4 through 7.

33. Plaintiff realleges the allegations in paragraphs 1 through 31 above.

34. Defendant Be Sure Auto Sales, Defendant Convoy Auto Sales, Inc., and Does 4 through 7 violated 49 United States Code, Section 32703, which provides as follows:

> A person may not—
> ...
> **(2)**
> disconnect, reset, alter, or have disconnected, reset, or altered, an odometer of a motor vehicle intending to change the mileage registered by the odometer;
> ...

**(4)** conspire to violate this section or section 32704 or 32705 of this title.

35. According to the best of Plaintiff's information and belief, on or about May 2, 2019, Defendant Be Sure Auto Sales, by its principals, employees or agents, tampered with the odometer of subject motor vehicle in a manner which caused its cumulative reading to change from approximately 272,076 to approximately 72,076, a difference of 200,000 miles.

36. According to the best of Plaintiff's information and belief, on or about May 2, 2019, Defendant Convoy Auto Sales Inc., by its principals, employees or agents, tampered with the odometer of subject motor vehicle in a manner which caused its cumulative reading to change from approximately 272,076 to approximately 72,076, a difference of 200,000 miles.

37. According to the best of Plaintiff's information and belief, on or about May 2, 2019, Defendant Be Sure Auto Sales, by its principals, employees or agents, entered into a conspiracy with Defendants Does 4 through 7 to tamper with the odometer of subject motor vehicle in a manner which would cause its cumulative reading to change from approximately 272,076 to approximately 72,076, a difference of 200,000 miles.

38. According to the best of Plaintiff's information and belief, on or about May 2, 2019, Defendant Be Sure Auto Sales, by its principals, employees or agents, entered into a conspiracy with Defendants Does 4 through 7 to tamper with the odometer of subject motor vehicle in a manner which would cause its cumulative reading to change from approximately 272,076 to approximately 72,076, a difference of 200,000 miles.

39. Federal statute 49 U.S.C . Sec. 32710 permits a person to bring a civil action to enforce the provisions of 49 U.S.C Sec. 32703.

40. Under 49 U.S.C. Sec. 32710, Plaintiff is entitled to an award of damages in the sum of 3 times actual damages or $10,000, whichever is greater, plus reimbursement for costs of suit and reasonable attorney's fees.

41. Plaintiff has suffered monetary damages in the amount of diminution in the value of subject vehicle from the purchase price of $10,000 to a lesser amount for a vehicle having a mileage of 200,000 miles more than its odometer reading, in an amount to be proven at trial of this action.

//
//

## THIRD CAUSE OF ACTION

### (Unfair Business Practices)

This cause of action is against Defendant Be Sure Auto Sales, Defendant Convoy Auto Sales, Inc., and Does 8 through 10.

52. Plaintiff reasserts its allegations made in paragraphs 1 through 51 above.

53. By its actions and through those of its principals, employees, agents or co-conspirators described above, Defendant Be Sure Auto Sales has engaged in practices which constitute unfair competition as defined in Calif. Business & Professions Code, Section 17200, which practices directly or indirectly injured Plaintiff Debtor, including but not limited to:

   a. Tampering with the odometer of subject motor vehicle in a manner which caused its cumulative reading to change from approximately 272,076 to approximately 72,076, a difference of 200,000 miles;

   b. Creating and maintaining a deceptive scheme to change the odometer readings of motor vehicles offered for sale in California;

   c. Falsely reporting on title documents provided to buyer at the time of transfer of subject vehicle on May 19, 2019, that the actual cumulative mileage of said vehicle was 72,107.

54. Plaintiff is entitled to recover her monetary damages in an amount to be proven at trial of this action.

55. Plaintiff is entitled by statute to reimbursement of her reasonable attorney's fees and costs to bring this action.

## FOURTH CAUSE OF ACTION

### (Fraud)

This cause of action is against all defendants.

56. Plaintiff reasserts its allegations made in paragraphs 1 through 55 above.

57. By their actions described above, Defendants, and each of them, engaged in false practices with the intention to deceive others and to enrich themselves.

58. Defendants' false practices directly misled Plaintiff to believe that subject motor vehicle had been driven the amount of miles shown on its odometer, thereby causing her to purchase said motor vehicle at an inflated price over its true value and thereby to suffer monetary damages in an amount to be proven at trial of this action.

//

## CONCLUSION

WHEREFORE, Plaintiff demands judgment as follows:

1. Monetary damages according to proof;
2. Statutory penalties involving violations of the Federal Odometer Act or regulations;
3. Reimbursement of her reasonable attorney's fees and costs of investigation and suit;
4. Such other and further relief as to the Court may seem just.

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated: March 15, 2023

_____
JEANNIE POPOVICH

Dated: March 15, 2023

_____
PERRY POPOVICH, Attorney
for Plaintiff Jeannie Popovich